UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
PHOENIX NLP, LLC

               Plaintiff,

v.                                                          1:15-cv-80
                                                           (TJM/DJS)

CAPITAL HOTEL, INC., CHIRAG
KABRAWALA, ASHOK DHABUWALA, a/k/a
Ashok M. Dhabuwala, a/k/a Ashok Bhabuwala,
BRANDON LEVIN, a/k/a Brandon Levine,
NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE, JOHN DOE
1-10, and JANE DOE 1-10,

               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
THOMAS J. McAVOY
Senior United States Judge

## DECISION and ORDER

Before the Court are the parties' responses to the Order to Show Cause issued by Magistrate Judge Randolph F. Treece,[1] which directs the parties to brief the issue of whether this Court retains jurisdiction after the substitution of Phoenix NPL, LLC, for the Federal Deposit Insurance Corporation ("FDIC") as Plaintiff in this matter.

**I. BACKGROUND**

This case originated in the Supreme Court of Albany County, New York. See Notice of Removal ("Removal Notice"), dkt. # 1, at ¶ 3. On June 30, 2014, National Republic Bank of Chicago ("National Republic"), filed a foreclosure action against the Defendants in that court. Id. On October 24, 2014, the Office of the Comptroller of the

---

[1] Magistrate Judge Daniel J. Stewart has since been assigned to the case in place of Magistrate Judge Treece.

Currency took possession of National Republic and the FDIC was appointed as the bank's receiver.  Id. at ¶ 1.  After the Defendants in this action answered the Complaint, the parties on November 19, 2014 entered into a stipulation that substituted the FDIC Receiver in place of National Republic.  Id. at ¶ 7.  The stipulation stayed the action pending the Defendants' exhaustion of administrative claims process remedies under federal law.  Id.  On January 22, 2015, the FDIC Receiver filed a notice of removal in this Court.  See Notice of Removal.  The FDIC alleged that it had a statutory right to remove cases in which it was a party.  Id. at ¶ 9 (citing 12 U.S.C. § 1819(b)(2)(B)).  No party brought a motion to remand the case.

On January 30, 2015, the Magistrate Judge's chambers noted that the case had been properly removed.  See docket entry, January 30, 2015.  Chambers also noted that the Defendants had filed counterclaims in state court before the FDIC had been substituted in state court, and that once the FDIC appeared the parties entered a stipulation regarding those counterclaims.  Id.  They agreed that the Defendants had first to exhaust administrative remedies by making an FDIC claim.  Id.  To accommodate that claim, the parties agreed to stay the case for 180 days.  Magistrate Judge Treece entered a text order on March 13, 2015 staying the case pending administrative review by the FDIC.  See dkt. # 10.

On March 17, 2015, the FDIC informed the Court that the agency had "transferred and assigned the subject mortgage and all related loan documents to Phoenix NPL, LLC" ("Phoenix").  See dkt. # 11.  Magistrate Judge Treece then entered a text order amending the caption and paragraph one of the Complaint to reflect that Phoenix was now the Plaintiff.  Because the administrative complaints had not been

resolved by the FDIC, the Court extended the stay.  See dkt. # 13.  On September 4, 2015, Defendants informed the Court that the FDIC had issued a Notice of Disallowance of Claim for each of the Defendants' counterclaims.  See dkt. # 16.  Defendants then filed a motion to lift the stay.  See dkt. # 19.  Phoenix filed an Amended Complaint that substituted Phoenix for the FDIC on September 10, 2015.  See dkt. # 20.

Magistrate Judge Treece issued a text order on September 11, 2015 setting a status conference and holding in abeyance the Defendants' motion to lift the stay and the deadline for Defendants to answer the Amended Complaint.  See dkt. # 21.  After this conference, Magistrate Judge Treece issued another text order.  See dkt. # 24.  The order deemed the Amended Complaint timely filed and directed the Clerk to substitute Phoenix as Plaintiff.  Id.  Noting that the absence of the FDIC might undermine the Court's jurisdiction, Magistrate Judge Treece issued the instant Order to Show Cause directing the parties to brief the jurisdictional issues.  Id.  The parties answered the Order to Show Cause, bringing the case to its present posture.

## II. ANALYSIS.

A court has "a continuing obligation to satisfy [itself] that federal jurisdiction over the matter . . . is proper."  Filsaime v. Ashcroft, 393 F.3d 315, 317 (2d Cir. 2004).  "Even when parties are satisfied to present their disputes to the federal courts, the parties cannot confer subject matter jurisdiction where the Constitution and Congress have not."  Wynn v. Rochester, 277 F.3d 153, 157 (2d Cir. 2001).  Parties may not waive jurisdiction, and "before deciding any case" the Court is "required to assure [itself] that the case is properly within [its] subject matter jurisdiction."  Id.

Federal law provides this Court with jurisdiction in two basic ways. First, the Court has jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 18 U.S.C. § 1331. Second, the Court has "diversity" jurisdiction, which applies in relevant part to cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) Citizens of different States." 28 U.S.C. § 1332(a). Under that statute, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

The FDIC originally removed the case to this Court pursuant to 12 U.S.C. 1819(b)(2)(B), which permits the FDIC to remove to federal court any suits to which it is a party. No party disputed the Court's jurisdiction at that point or argued that the case should have remained in state court. The Second Circuit Court of Appeals has foreclosed Plaintiff from disputing the Court's jurisdiction now. In <u>FDIC v. Four Star Holding Co.</u>, 178 F.3d 97 (2d Cir. 1999), the FDIC had been appointed receiver of a mortgage holder and brought a foreclosure action in federal court pursuant to 12 U.S.C. § 1819(b)(2)(A). <u>Id.</u> at 99. The FDIC eventually transferred its interest to a private third party. <u>Id.</u> at 99-100. After this transfer, one of the defendants sought remand, arguing that "the federal jurisdictional provisions of Section 1819 no longer applied." <u>Id.</u> at 100. The court rejected this argument. <u>Id.</u> at 101. The Court noted that as a general principle, "'the existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed." <u>Id.</u> (quoting <u>Newman-Green, Inc. v. Alfonzo-Larrain</u>, 490 U.S. 826, 830 (1989)). Moreover, "'if jurisdiction exists at the time an action is

commenced, such jurisdiction may not be divested by subsequent events.'" Id. (quoting Freeport-McMoran, Inc. v. KN Energy, Inc., 498 U.S. 426, 428 (1991)). As such, the court found that "the transfer of assets by FDIC to a private third party does not divest the court of subject matter jurisdiction under Section 1819 and . . . the district court retained jurisdiction over this case notwithstanding the transfer of FDIC's interest in the property[.]" Id. The same situation applies here, even though the case was removed to this Court by the FDIC rather than brought here originally.[2] The Court finds that jurisdiction continues to exist despite transfer of the assets in question from the FDIC to the Plaintiff.

As this finding is sufficient to satisfy the Court that jurisdiction to hear the case exists, the Court will not address the Defendants' alternative argument that jurisdiction exists because FDIC remains as a counterclaim Defendant and jurisdiction persists under 12 U.S.C. 1819. The Court finds that, since Phoenix has been substituted for the FDIC as Plaintiff, an Amended Complaint has been entered on the docket, and no answer filed, addressing the suitability of any counterclaims that may be filed against

---

[2]The Court notes that diversity jurisdiction existed on the face of the Complaint filed in state court by National Republic. See Exh. B to Notice of Removal, dkt. # 1-2. Plaintiff National Republic Bank of Chicago was listed as a "national banking association, having an address of 1201 West Harrison Street, Chicago Illinois." Id. at ¶ 1. Defendant Capital Hotels was named as a New York corporation with a business address in Latham, New York. Id. at ¶ 2. Defendant Chirag Kabrawala was named as a Florida resident. Id. at ¶ 3. Defendant Ashok Dhabuwala was named as a New York resident, and Defendant Brandon Levin a Maryland resident. Id. at ¶ 5. Defendant New York State Department of Taxation and Finance was alleged to be a New York agency. Id. at ¶ 6. The Complaint also alleged that Defendants owed more than four million dollars on the allegedly defaulted mortgage. Id. at ¶ 46. These allegations establish complete diversity and exceed the $75,000 minimum for the amount in controversy under 28 U.S.C. § 1332(a).

FDIC would be to address an issue not presently before the Court.

## III. CONCLUSION

For the reasons stated above, the Court finds that subject matter jurisdiction over this matter continues to exist. The Defendants are directed to file an answer and/or any counterclaims to the Amended Complaint within twenty-one days of the date of this Order.

IT IS SO ORDERED.

Dated: January 13, 2016

Thomas J. McAvoy
Senior, U.S. District Judge