UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -
PHOENIX NLP, LLC

                Plaintiff,

v.                                                                     1:15-cv-80
                                                                           (TJM/DJS)

CAPITAL HOTEL, INC., CHIRAG
KABRAWALA, ASHOK DHABUWALA, a/k/a
Ashok M. Dhabuwala, a/k/a Ashok Bhabuwala,
BRANDON LEVIN, a/k/a Brandon Levine,
NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE, JOHN DOE
1-10, and JANE DOE 1-10,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
THOMAS J. McAVOY
Senior United States Judge

## **AMENDED DECISION and ORDER**

Before the Court is Plaintiff's motion for summary judgment in this mortgage-foreclosure case. See dkt. # 67. Defendants have not responded to the motion.

## I.    BACKGROUND

This case involves an attempt by a lender's successor to foreclose on hotel property near the Albany, New York airport. See Amended Complaint ("Amend. Cmplt."), dkt. # 20. Defendants entered into a loan of $4,300,000 with the National Republic Bank of Chicago ("NRBC") on March 26, 2008. Id. at ¶¶ 11-13. The note was secured with a mortgage on commercial property in Latham, New York. Id. at ¶ 7, 14. NRBC entered into a series of seven modifications to the loan agreement over the next five years. Id. at ¶¶ 26-46. Eventually, however, Defendants defaulted on the loan. Id. at ¶ 48. Plaintiff's predecessor in interest then instituted the instant action.

This case originated in the Supreme Court of Albany County, New York. See Notice of Removal ("Removal Notice"), dkt. # 1, at ¶ 3. On June 30, 2014, NRBC filed a foreclosure action against the Defendants in that court. Id. On October 24, 2014, the Office of the Comptroller of the Currency took possession of National Republic and the FDIC was appointed as the bank's receiver. Id. at ¶ 1. After the Defendants in this action answered the Complaint, the parties on November 19, 2014 entered into a stipulation that substituted the FDIC Receiver in place of National Republic. Id. at ¶ 7. The stipulation stayed the action pending the Defendants' exhaustion of administrative claims process remedies under federal law. Id. On January 22, 2015, the FDIC Receiver filed a notice of removal in this Court. See Notice of Removal. The FDIC alleged that it had a statutory right to remove cases in which it was a party. Id. at ¶ 9 (citing 12 U.S.C. § 1819(b)(2)(B)). No party brought a motion to remand the case. On March 10, 2015, the FDIC notified the Court that Plaintiff Phoenix NPL, LLC, had purchased the loan that provided the basis for the foreclosure. See dkt. # 8. The Court substituted Phoenix as Plaintiff on March 27, 2015. See dkt. # 13. Phoenix filed an Amended Complaint on September 10, 2015. See dkt. # 20.

After the Court resolved a number of procedural issues, lifted the stay and appointed a receiver in the matter, Plaintiff filed the instant motion for summary judgment and for additional relief. Defendants have not responded.

## II. LEGAL STANDARD

Plaintiff moves for summary judgment. It is well settled that on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the non-moving party, see Tenenbaum v. Williams, 193 F.3d 581, 593 (2d Cir. 1999),

and may grant summary judgment only where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). An issue is genuine if the relevant evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).

A party seeking summary judgment bears the burden of informing the court of the basis for the motion and of identifying those portions of the record that the moving party believes demonstrate the absence of a genuine issue of material fact as to a dispositive issue. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the movant is able to establish a *prima facie* basis for summary judgment, the burden of production shifts to the party opposing summary judgment who must produce evidence establishing the existence of a factual dispute that a reasonable jury could resolve in his favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A party opposing a properly supported motion for summary judgment may not rest upon "mere allegations or denials" asserted in his pleadings, Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525-26 (2d Cir. 1994), or on conclusory allegations or unsubstantiated speculation. Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998).

Here, the Defendants have not offered any opposition to the Plaintiff's motion. In the summary judgment context, "the failure to respond to the motion does not alone discharge the burdens imposed on a moving party." Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co., 373 F.3d 241, 246 (2d Cir. 2004). The moving party must show both "the absence of a genuine issue of material fact" and "'that he is entitled to judgment as a matter of law.'" Id. (quoting FED. R. CIV. P. 56(c)). The Court accepts properly

supported material facts as true but "the moving party must still establish that the undisputed facts entitle him to 'a judgment as a matter of law[.]" Id. Thus a court "considering a motion for summary judgment must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law.'" Id. (quoting Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993)).

### III. ANALYSIS

#### A. Summary Judgment

Plaintiff seeks a judgment of mortgage foreclosure in this case. To obtain a mortgage foreclosure in New York, "a plaintiff may establish a prima facie right to foreclosure by producing the mortgage documents underlying the transaction and undisputed evidence of nonpayment." Red Tulip, LLC v. Neiva, 44 A.D.3d 204, 209, 842 N.Y.S.2d 1, 5 (1st Dep. 2007). Such evidence "establishes [plaintiff's] case as a matter of law." Village Bank v. Wild Oaks Holding, 196 A.D.2d 812, 812, 601 N.Y.S.2d 940, 941 (2d Dept. 1993). If the moving party produces such evidence, "the burden [shifts]" to the non-movant to raise a triable issue regarding her affirmative defenses and counterclaims in opposition to foreclosure." Red Tulip, 44 A.D. at 204.

The evidence in this case indicates that NRBC entered into a loan with Defendant Capital Hotel, Inc. ("Capital") for a consolidated principal sum of $4,300,000 on March 26, 2008. Plaintiff's Statement of Material Facts ("Plaintiff's Statement"), dkt. # 67-5, at ¶ 4. On that date, Capital executed and delivered to NRBC an Amended, Restated and Consolidated Note, wherein Defendants agreed to pay NRBC the above

4

principal sum. Id. at ¶ 5. Capital also executed and delivered to NRBC a Mortgage Consolidation, Extension and Modification, Assignment of Leases and Rents, Security Agreement and Fixture Filing–a mortgage–in the principal sum of $4,300,000. Id. at ¶ 6. That mortgage encumbered real property at 20 Airport Boulevard, Latham, New York. Id. at ¶ 7. The Albany County Clerk's Office recorded the mortgage on November 6, 2009. Id. at ¶ 8. Mortgage tax was paid. Id.

Individual Defendants Chirag Kabrawala, Ashok Dhabuwala, a/k/a Ashok M. Dhabuwala, and Brandon Levin, a/k/a Brandon Levine all executed and delivered to NRBC a "guarantee of payment" dated March 26, 2008. Id. at ¶ 9. This agreement served as a condition and inducement for NRBC to enter into the loan and also served as additional security on the agreement. Id. This agreement obligated the individual Defendants to "absolutely and unconditionally guarantee to NRBC Capital's performance under the Note and Mortgage Agreement and other loan documents[.]" Id. at 10. They also guaranteed "payment of all sums due and to become due under the documents to NRBC from Capital, at any time, and in any amount, including but not limited to, all principal, accrued interest, default interest, late fees, attorneys' fees, and other costs, amount and charges." Id. Capital agreed to make consecutive monthly payments of principal and interest of $38,342.25 plus interest at an 8.75% annual rate. Id. at ¶ 11.

The note also provided that upon a default, "all sums outstanding under the Note may at NRBC's sole option become immediately due and payable in full, and NRBC may exercise any and all of its remedies set forth in the Note Mortgage and other loan documents." Id. at ¶ 12. The note also made Capital liable for a 5% late fee on any

5

sum not paid within ten days of the date it became due. Id. at ¶ 13. Capital was also liable for default interest on the unpaid principal of the lesser of (a) 5% over the interest rate then in effect or (b) the maximum rate of interest allowable by law. Id. at ¶ 14. Defendants also agreed to pay the lender's reasonable attorneys' fees, costs and expenses in connection with any collection of the indebtedness on the account. Id. at ¶ 15. The parties modified the loan agreement seven times, extending the maturity date from March 26, 2013 to February 25, 2014. Id. at ¶ 16

The Defendants, Plaintiff contends, are in default of their obligations because they:

> (i) failed to repay the entire loan balance by the maturity date, February 25, 2014;
> (ii) failed to pay real estate taxes in excess of $242,000 causing a tax lien to be filed against the property;
> (iii) failed to pay New York State sales and occupancy taxes; and
> (iv) failed adequately to insure the property, which caused the insurance policies to lapse.

Id. at ¶ 17.

The Office of the Comptroller of the Currency took possession of NRBC on October 24, 2014. Id. at ¶ 18. The Federal Deposit Insurance Corporation was appointed receiver. Id. On March 10, 2015, the subject note and mortgage, as modified, were sold to Plaintiff Phoenix NPL, LLC. Id. at ¶ 19. An assignment of mortgage was filed in the Albany County Clerk's Office on March 13, 2015. Id. Defendants continued to be in default on their obligations. Id. at ¶ 21.

Plaintiff has produced "the mortgage documents underlying the transaction and undisputed evidence of nonpayment." Red Tulip, 44 A.D.3d at 209. Plaintiff has therefore made out a prima facie case for judgment of mortgage foreclosure.

Defendants offer no evidence or argument in defense. Summary judgment is therefore appropriate on this claim, and the Court will grant the motion in this respect.

Plaintiff's prayer for relief contains a request that the Court grant "a judgment of foreclosure be awarded permitting a Referee to sell the property at public auction." "A Plaintiff is entitled to foreclose on a property if it demonstrates the existence of an obligation secured by a mortgage, and a default on that obligation." Eastern Sav. Bank, FSB v. Beach, 2014 WL 923151, at *15 (E.D.N.Y. March 10, 2014) (internal citation and quotations omitted). As explained above, Plaintiff has demonstrated just such an obligation and default, and the Court will grant the judgment of foreclosure.

Plaintiff has not, however, provided the Court with the name of any individual it proposes should be appointed referee. If Plaintiff desires such an appointment, Plaintiff must file a motion seeking such relief and provide the Court with the name of a person to be appointed and the proposed appointee's qualifications. The Court will therefore deny that portion of the request with leave to renew. Plaintiff may renew its request for the appointment of a referee, but must submit for approval the name of an attorney admitted in the Northern District of New York who is willing to serve in that role.

Plaintiff also seeks to have the Court fix the amount of damages to be awarded in the action as a means of guiding any sale of the foreclosed property. The undisputed facts establish that, as of the date that Plaintiff filed the instant motion, Plaintiff owed the following sums, exclusive of attorneys and costs and the costs and expenses of receivership:

        (i) Principal:                                   $4,045,229.35
        (ii) Contract Interest (to 7/21/16):    $716,235.25
        (iii) Default Interest (to 7/21/16):     $492,488.12

| | |
|---|---|
| (iv) Late Fees: | $87,480.10 |
| (v) Protective Advances: | $43,499.17 |
| TOTAL | $5,382,931.99[1] |

Plaintiff's Statement at ¶ 22. The Court therefore finds that summary judgment is appropriate on this claim and will award Plaintiff $5,382,931.99 in damages on the foreclosure action.

### B.     Attorneys Fees

Plaintiff also seeks attorneys fees, arguing that the loan agreement between the parties entitles Plaintiff to such recovery. Courts in New York hold that "[a]n attorney's fee is merely an incident to litigation and is not recoverable absent a specific contractual provision or statutory authority. Levine v. Infidelity, Inc., 2 A.D.3d 691, 692, 770 N.Y.S.2d 83, 84 (2d Dept. 2003). Nothing in New York statutory law authorizes recovery of attorneys fees in a foreclosure action, and thus "an attorney's fee may be recovered in the mortgage foreclosure action itself if the mortgage document obligates the mortgagor to pay such a fee for the expenses incurred in that action." Id.

The undisputed material facts establish that Defendants "agreed to pay lender's reasonable attorney's fees, costs and expenses, in connection with collection of the indebtedness due." Plaintiff's Statement at ¶ 15. Having examined the agreements in question, the Court is persuaded that they permit the Plaintiff to recover attorneys fees for the cost of bringing suit to foreclose upon the property securing the mortgage. Levine, 2 A.D.3d at 692. The documents establish in relevant part that "Lender is

---

[1] While Plaintiff has provided sufficient evidence to support its claims for damages, the Court has corrected Plaintiff's math. Plaintiff calculated the total amount due as $5,384,966.17, which is an adding error.

authorized to . . . bring any action or proceeding to protect its interest in the Property or to foreclose the Security Instrument or collect the Loan and the cost and expense thereof (including reasonable attorneys fees to the extent permitted by Law)[.]" See Exh. 6 to Declaration of David Silverstein, dkt. # 67-7, at ¶ 9.3.

The undisputed facts also establish that Defendants owe $8,431.06 in legal fees and costs connected to Plaintiff's original counsel, LeClair Ryan, and $30,567.26 connected to Plaintiff's current counsel, Windels, Marx, Lane & Mittendorf, LLP. Plaintiff's Statement at ¶ 22. The Court will grant Defendant's motion in this respect as well. Plaintiff shall pay attorneys fees to LeClair Ryan in the amount of $8,431.06 and $30,567.26 to Windels, Marx, Lane & Mittendorf, LLP.

**C.      Defendants' Counterclaims and Affirmative Defenses**

Plaintiff next argues that Defendants cannot maintain any of the counterclaims or affirmative defenses raised in their answer. Defendants do not point to any evidence to support those claims and the Court has determined that summary judgment is appropriate for the Plaintiff based on the material facts in the case. Plaintiff's motion to dismiss Defendants' counterclaims and affirmative defenses is therefore denied as moot.[2]

---

[2]Plaintiff seeks to have the Court "strike" the Defendants' "amended answer." Defendants did not file an "amended answer," though they did file an Answer to the Amended Complaint. See dkt. # 33. Plaintiff filed an Answer to the Counterclaims in the Defendants' Answer. See dkt. # 37. Plaintiff's grounds for "striking" the answer and affirmative defenses are grounds for a motion to dismiss, not a motion to strike, and the time has passed for filing such a motion. See FED. R. CIV. P. 12(a)(1)(B) ("A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim."). The Court will not "strike" the answer and crossclaims in question, which are immaterial in any case. The Court has found that summary judgment is appropriate for the Plaintiff.

### D. Amended Caption

Plaintiff also requests that the Doe Defendants be deleted from the caption, since "no parties other than the Defendants previously served in this action, have an interest in or lien upon the Mortgaged Property. Plaintiff's motion will be granted and the Doe Defendants dismissed from the case.

### E. New York State Department of Taxation and Finance

Plaintiff also seeks summary judgment against Defendant New York State Department of Taxation and Finance. Plaintiff asserts that the Department is a defendant "by virtue of possible unpaid corporate and/or franchise taxes, which are inferior to the mortgage lien of Plaintiff sought to be foreclosed." The Department's notice of appearance states in relevant part that "[s]ervice of all papers and notices of all proceedings in said action is hereby waived, except notice of discontinuance of the action; **executed judgment of foreclosure and sale; notice of sale;** referee's report of sale and confirmation thereof; and notice of all proceedings to obtain surplus monies." Notice of Appearance, dkt. # 23 (emphases in original).

The Court will deny the motion in this respect. None of the claims in the Amended Complaint name the Department. See dkt. # 20. The Department did not file an action against the Plaintiff. The Department simply entered an appearance to be kept abreast of the proceedings in the action and to signify some future interest in the proceeds of any sale. Plaintiff does not point to any dispositive issue on which summary judgment could be granted. The Court can only grant judgment when there is a judgment to be had. In any case, at least two of the purposes of the Department's

entry of appearance–notice of executed judgment of foreclosure and sale and notice of sale–have not yet transpired. The Department will receive the notices as requested.

IV. **CONCLUSION**

For the reasons stated above, the Plaintiff's motion for summary judgment, dkt. # 67, will be granted in part and denied in part, as follows:

1. The motion is GRANTED with respect to Plaintiff's mortgage foreclosure claims. Plaintiff's request for a judgment of foreclosure is hereby GRANTED;

2. Plaintiff's request for appointment of a Referee is hereby DENIED with leave to renew;

3. The motion is GRANTED with respect to Plaintiff's damages claims, and Defendants are ORDERED to pay Plaintiff damages in the amount of $5,382,931.99;

4. The motion is GRANTED with respect to Plaintiff's claims for attorneys fees, and Defendants are hereby ORDERED to pay LeClair Ryan attorneys' fees in the amount of $8,431.06 and attorneys' fees in the amount of $30,567.26 to Windels, Marx, Lane & Mittendorf, LLP;

5. Plaintiff's request to strike Defendants' counterclaims and affirmative defenses is DENIED AS MOOT;

6. The Doe Defendants are hereby DISMISSED from the case and the Clerk's Office shall amend the caption to reflect this change; and

7. The motion is DENIED with respect to the New York State Department of Taxation and Finance.

IT IS SO ORDERED.

Dated: October 18, 2016

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge