**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

PHOENIX NPL, LLC,

                               Plaintiff,

        - v -                                    Civ. No. 1:15-CV-80
                                                             (TJM/DJS)

CAPITAL HOTEL, INC., CHIRAG KABRAWALA,
ASHOK DHABUWALA, BRANDON LEVIN, and
NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE,

                               Defendants.

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| WINDELS MARX LANE & MITTENDORF, LLP<br>Attorney for Plaintiff<br>120 Albany Street Plaza<br>6th Floor<br>New Brunswick, New Jersey 08901 | CHRISTINA J. DELAY, ESQ.<br>MARK A. SLAMA, ESQ. |
| HON. LETITIA JAMES<br>Attorney General of the State of New York<br>Attorney for Defendant New York State<br>Department of Taxation and Finance<br>The Capitol<br>Albany, New York 12224 | MICHELE WALLS, ESQ.<br>Assistant Attorney General |

**DANIEL J. STEWART
United States Magistrate Judge**

## DECISION AND ORDER

      Plaintiff holds a Judgment in this case against Defendants, including Ashok Dhabuwala. Dkt. Nos. 78 & 86. Defendants are jointly and severally liable for the Judgment, which it appears has not yet been fully satisfied. Dkt. No. 92-1, Declaration

of Mark A. Slama ("Slama Decl."), ¶¶ 14 & 16.  Plaintiff attempted to engage in discovery in order to aid in the execution of the Judgment.  *Id.* at ¶ 17.  Specifically, Plaintiff issued a subpoena for production of documents and subpoenaed Defendant Dhabuwala for a deposition.  *Id.* at ¶¶ 19 & 21.   Defendant Dhabuwala has not produced any documents in response to the subpoena and did not appear at the scheduled deposition.  *Id.* at ¶ 23.  Plaintiff now moves for an order pursuant to FED. R. CIV. P. 69 compelling Defendant Dhabuwala to produce for inspection the documents identified in the subpoena and to appear for a deposition.  Dkt. No. 92.  Defendant has not responded to the Motion.  For the reasons set forth below, the Motion is granted.

"Post-judgment discovery is governed by Federal Rule of Civil Procedure 69, which provides that '[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person - including the judgment debtor - as provided in these rules or by the procedure of the state where the court is located.'"  *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) (quoting FED. R. CIV. P. 69(a)(2)).  *In EM Ltd.*, the Second Circuit stated that that "broad post-judgment discovery in aid of execution is the norm in federal and New York state courts."  *Id.*  In affirming the Second Circuit's decision in *EM Ltd.*, the Supreme Court noted that "[t]he rules governing discovery in postjudgment execution proceedings are quite permissive."  *Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134, 138 (2014).  As a judgment creditor Plaintiff is entitled "under Rule 69, to a very broad inquiry regarding the location and identity" of the Defendant's assets.  *Banco Cent. De Paraguay v. Paraguay Humanitarian Found., Inc.*, 2006 WL 3456521, at *9 (S.D.N.Y. Nov. 30, 2006).  Rule 69 expressly

2

permits "both deposition and document discovery." *GMA Accessories, Inc. v. Elec. Wonderland, Inc.*, 2012 WL 1933558, at *4 (S.D.N.Y. May 22, 2012).

Given these broad standards, the Court must consider whether the discovery sought is "calculated to assist in collecting on a judgment." *EM Ltd. v. Republic of Argentina*, 695 F.3d at 207. "Discovery sought pursuant to Rule 69 . . . must relate to the existence or transfer of a judgment debtor's assets." *Allstate Ins. Co. v. Mirvis*, 2017 WL 384318, at *1 (E.D.N.Y. Jan. 25, 2017). The Court has reviewed the list of documents requested in Plaintiff's subpoena and concludes that these documents and a deposition of Defendant Dhabuwala are reasonably related to Plaintiff's efforts to identify the existence or transfer of Dhabuwala's assets, which in turn may assist Plaintiff in collecting upon the judgment. In light of Defendant's earlier failure to comply, an order directing compliance is warranted. Plaintiff's Motion to Compel this discovery, therefore, is granted.[1]

**ACCORDINGLY**, it is hereby

**ORDERED**, that Plaintiff's Motion for Discovery under FED. R. CIV. P. 69 be **GRANTED**; and it is further

**ORDERED**, that Plaintiff's counsel shall serve a copy of this Decision and Order upon the last known address of Defendant Ashok Dhabuwala and file prof of service with the Court; and it is further

---

[1] Plaintiff also seeks an order awarding attorneys' fees associated with making this Motion. Slama Decl. at p. 10. That Motion is denied, but the Court notes that it does have the authority to enter such an order and would consider doing so if Defendant's conduct necessitates further motion practice regarding discovery. *See Banco Cent. De Paraguay v. Paraguay Humanitarian Found., Inc.*, 2006 WL 3456521, at *11.

**ORDERED**, that within thirty (30) days of service of this Order upon Defendant Ashok Dhabuwala he shall produce for examination at the offices of Plaintiff's counsel all documents in his possession, custody and/or control responsive to the subpoena dated April 30, 2018; and it is further

**ORDERED**, that Defendant Ashok Dhabuwala shall appear for a deposition at the offices of Plaintiff's counsel at a mutually agreeable date within sixty (60) days of the service of this Decision and Order upon him; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties.

Date: April 11, 2019
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge